

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

IN RE:

MICHAEL J. McDANIEL, SR.,

Debtor.

IN PROCEEDINGS UNDER CHAPTER 7

CASE NO.: 07-11766

CHIEF JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

The matter before the Court is Debtor's Michael J. McDaniel, Sr. Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or Installments ("Application"). There were no objections filed to the Application. The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly-noticed hearing, the following findings and conclusions are rendered:

Pursuant to 28 U.S.C. § 1930, as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub.L. 109-8 (effective October 17, 2005), this Court may waive the filing fee in a case under Chapter 7 of Title 11 for an individual if:

> [u]nder the procedures prescribed by the Judicial Conference of the United States. . .the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. 1930(f)(1). See 28 U.S.C. § 1930(f)(1).

The Judicial Conference of the United States promulgated Interim Procedures Regarding

the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 on August 11, 2005 ("Interim Procedures.")[1] Pursuant to the Interim Procedures, a court determining a fee waiver request under this provision should consider the following factors:

First, the court must determine whether the debtor has income as reported on Line 16 of Schedule I, not including governmental non-cash assistance, of less than 150% of the poverty guidelines last published by the United States Department of Health and Human Services ("DHHS") applicable to a family of the size involved. A debtor with income greater than the 150% DHHS poverty guideline, is not eligible for a waiver of the filing fee. *See* Interim Procedures at ¶ II.A.1, 2 and 3. Second, the court must determine whether the debtor is unable to pay the fee in installments, based on the totality of the circumstances. *See* Interim Procedures at ¶ II.A.5.

The Debtor's application states that there are six (6) members in his family. His application reflects monthly expenses totaling $2,122.00 with combined family monthly income of $1,004.00. This information is consistent with the information provided in his Schedule I (Current Income of Individual Debtor(s) and Schedule J (Current Expenditures of Individual Debtor(s)) as Amended. Based on the income for a family of six, the Debtor's combined family monthly income is less than 150% of the poverty guidelines.[2] Further, the Debtor cannot meet his expenses, thereby demonstrating that he does not have the ability to pay the filing fee in

---

[1] The Interim Procedures can be found at:
http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html

[2] Yearly income computed from Line 16 of Schedule I is $12,048.00; 150% of the DHHS poverty guidelines for a family of six is $41,415.00.

installments.

Accordingly, the Debtor's Application is hereby approved.

**IT IS SO ORDERED.**

Dated this 18th day of
May, 2007

_____
RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

3